FILED

**NOT FOR PUBLICATION**

APR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO HERNANDEZ CABRERA and VALENTIA OLMOS BARAJAS, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-72882 <br><br> Agency Nos.     A095-444-449 <br>                   A095-444-450 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Hugo Hernandez Cabrera and Valentia Olmos Barajas, natives and citizens

of Mexico, petition pro se for review of the Board of Immigration Appeals'

("BIA") order denying their motion to reconsider and reopen. Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the denial of petitioners' motion to reconsider, because we cannot review the BIA's discretionary hardship determination. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order) ("[T]he BIA's denial of the motion to reconsider falls outside the court's jurisdiction because the court cannot reconsider the discretionary, fact-based determination that petitioners failed to demonstrate the requisite hardship."). Although the court retains jurisdiction over colorable questions of law and constitutional claims, petitioners' contention that the BIA failed to state its reasons and show proper consideration of all factors is not supported by the record. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, . . . the claim must have some possible validity.").

As to their motion to reopen, petitioners have not challenged the BIA's dispositive determination that they failed to demonstrate that the evidence submitted with their motion was not available at the time of their removal hearing. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

To the extent petitioners seek review of the BIA's April 30, 2014, order dismissing their appeal from an immigration judge's denial of cancellation of removal, we lack jurisdiction because this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").

We do not consider the extra-record evidence submitted for the first time with petitioners' brief because the court's review is limited to the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based[.]").

We lack jurisdiction to consider petitioners' requests for prosecutorial discretion and administrative closure. *See Vilchiz-Soto*, 688 F.3d at 644.

We deny petitioners' August 24, 2015, motion because we lack jurisdiction to consider their requests for prosecutorial discretion and their unexhausted request for adjustment of status. *See id.*; *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider issues that have not been administratively exhausted).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**